UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KIMBERLY KINSER Plaintiff

v. Civil Action No. 3:25-cv-744-RGJ

GRAY & WHITE, PLLC, et al. Defendants

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Gray & White, PLLC ("G&W") first moved to dismiss Plaintiff Kimberly Kinser's ("Kinser") Complaint [DE 1]. [DE 6]. Kinser then filed an Amended Complaint. [DE 7]. In response, G&W and Matthew L. White, P.S.C, ("White," and together with G&W, "Defendants") moved collectively to dismiss Kinser's Amended Complaint. [DE 10]. Kinser responded [DE 8; DE 11], and Defendants replied. [DE 12]. These matters are ripe. For the reasons below, the Court **DENIES as moot** G&W's motion to dismiss the original complaint [DE 6]. Defendants' motion to dismiss the Amended Complaint [DE 10] is **CONVERTED** to a motion for summary judgment and Kinser is **ORDERED** to file an opposition within fourteen (14) days of the entry of this Order.

## I. BACKGROUND

The Court "takes the facts only from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)). As alleged in the Amended Complaint, Plaintiff is a "paralegal and[/or] legal assistant" over the age of 45 who was employed by Defendants "until August 29, 2025." [DE 7 at 37]. During her employment, "a partner and owner of [Defendant] Gray & White, PLLC routinely commented that he wanted younger staff." [*Id.*]. Prior to her termination, Kinser's

husband passed away. [*Id.*]. Kinser took time off, after which she was terminated. [*Id.* at 38]. Additionally, Kinser alleges that while she was employed, Defendants paid younger employers more for the same work, "refused to recognize bereavement leave and other benefits . . . while providing the benefits to younger staff," and "terminated [her] employment because of her age, replaced her with a younger employee and wrongfully withheld her profit-sharing benefits." [*Id.* at 37].

On October 29, 2025, Kinser initiated this action against Defendants alleging G&W was her former employer. [DE 1]. G&W moved to dismiss, asserting that Kinser was employed by White. [DE 6]. Kinser then amended her complaint to add White. [DE 7 ("Amended Complaint")]. In the Amended Complaint, Kinser alleges Breach of Contract (Count I); Wrongful Termination/Age Discrimination (Count II); Negligence (Count III); and ERISA Discrimination (Count IV). [DE 7]. Defendants now move to dismiss the Amended Complaint. [DE 10].

## II. STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

expectation that discovery will reveal evidence of illegal [conduct].” *Twombly*, 550 U.S. at 556. Dismissal under Rule 12(b)(6) is warranted “only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief.” *Zaluski v. United Am. Healthcare Corp*., 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, “[i]t is not the function of the court [in ruling on such a motion] to weigh evidence.” *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, to determine whether the plaintiff set forth a “plausible” claim, the Court “must construe the complaint liberally in the plaintiff’s favor and accept as true all factual allegations and permissible inferences therein.” *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court is “not bound to accept as true a legal conclusion couched as a factual allegation”; “[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.” *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, the Court “may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant’s motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.” *Bassett v. Nat’l Collegiate Athletic Ass’n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

## III. DISCUSSION

### 1. G&W’s Motion to Dismiss [DE 6]

As an initial matter, the Court addresses the effect of the Amended Complaint. Pursuant to Fed. R. Civ. P. 15(a)(1)(B) a party has a right to amend its complaint once as a matter of course “21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.” The Amended Complaint was filed within twenty-one days

of G&W's Rule 12(b) motion. [DE 7 (filed December 29, 2025)]. "Generally, an amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (quotation omitted); *see also Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, 306 (6th Cir. 2000) (amended complaint superseded previous complaints and controlled the case). Kinser's Amended Complaint supersedes the original complaint, and it addresses the grounds raised in Defendant G&W's motion to dismiss.

Accordingly, it is **ORDERED** that Defendant G&W's motion to dismiss [DE 6] is **DENIED AS MOOT**.

**2. Defendants' Motion to Dismiss [DE 10]**

Next, the Court must address whether Defendants' motion to dismiss should be converted to a motion for summary judgment with respect to Kinser's claims for Wrongful Termination/Age Discrimination (Count II) and ERISA violations (Count IV). Relevant here, Defendants supported their motion with materials outside the pleadings—the affidavit of Matthew White ("White Affidavit") and an obituary for Kinser's spouse. [*See* DE 10-2; DE 10-3]. Defendants dispute, as a factual matter, that they are statutory "employers" under the KRSA or ADEA[1] and that Kinser was denied any employment benefits to which she was entitled. [DE 10-1 at 55 ("[B]ecause the firms did not employee 8 employees or more, they do not meet the definition of employer under Title VII which requires 15 employees at a minimum."); *id.* at 56 (citing the White Affidavit and

[1] Defendants are correct that "[t]he language of [Title VII] does not include age or disability claims." [DE 10 at 54 n.1 (quoting *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006))]. "The ADEA, however, does prohibit discrimination based on age. As such, Plaintiffs' age discrimination claims under Title VII will be construed as age discrimination claims under the ADEA." *Bargo v. Goodwill Indus. of Kentucky, Inc.*, 969 F. Supp. 2d 819, 823 n.1 (E.D. Ky. 2013).

stating "[a]fter her termination, Kinser chose to cash out of her profit-sharing plan and received her final check on October 23, 2025.").

In order to consider these arguments, in particular as they relate to the White Affidavit, the Court must convert the motions to dismiss to motions for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010) (holding that the district court properly converted the motion where the movant attached an affidavit by one of its executives).

The Court finds that the issues raised by Defendants are better addressed in the context of summary judgment. Kinser has not had an opportunity to test the factual assertions in the White Affidavit through discovery. Defendants argue that Kinser failed "to allege that her employer meets the statutory definition of an employer under either [the KCRA or Title VII]," [DE 10-1 at 54], but "[w]hen [Kinser] alleged that [Defendants were] her employer under . . . Title VII she necessarily alleged that [Defendants] employed 15 or more people under the text of the applicable statutes." *Johnson v. Singh Senior Living, LLC*, No. 2:20-CV-12073, 2021 WL 1750117, at *2 (E.D. Mich. May 4, 2021). Defendants also asserted that "[t]o state a claim under § 510, Kinser must show that Gray & White, PLLC and/or Matthew L. White, P.S.C. had a specific intent to violate ERISA." [DE 11 at 57]. However, Defendants rely on *Schweitzer v. Teamsters Local 100*, 413 F.3d 533, 537 (6th Cir. 2005), which addressed the standard at summary judgment. Indeed, both parties appeared to treat the motion as one for "summary judgment" in their briefing. [*See* DE 11 at 71 ("A genuine issue of material fact as to pretext, once reached, precludes summary

judgment in the employer's favor."); DE 12 ("Summary Judgment must be entered in favor of the Defendants on Plaintiff's wrongful termination claims.")].

The Court will therefore convert the motion pursuant to Rule 12(d) and allow Kinser an opportunity to respond, including, if necessary, by ordering limited discovery related to the factual disputes raised in Defendants' motion to dismiss [DE 10] and the White Affidavit. *See* Fed. R. Civ. P. 12(d); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (noting that in converting a motion to dismiss *sua sponte*, the district court must provide notice to the parties and allow further discovery). Within **fourteen (14) days** of the entry of this Order, Kinser **SHALL** submit a sur-reply in opposition to the converted motion for summary judgment. Alternatively, Kinser may "show[] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition" and propose additional limited discovery, upon which the Court may order additional "time to obtain affidavits or declarations or to take discovery." *See* Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant.").

## IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1) G&W's motion to dismiss [DE 6] is **DENIED as moot**.

(2) Kinser **SHALL** file an opposition (either a sur-reply and/or affidavit seeking more discovery) to the Motion to Dismiss [DE 10], consistent with this Order, within **fourteen (14) days** of the entry of this Order.

August 31, 2026

Rebecca Grady Jennings, District Judge
United States District Court