UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KIMBERLY KINSER Plaintiff

v. Civil Action No. 3:25-cv-744-RGJ

GRAY & WHITE, PLLC, et al. Defendants

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Gray & White, PLLC ("G&W") and Matthew L. White, P.S.C, ("White," and together with G&W, "Defendants") moved collectively to dismiss the Amended Complaint filed by Plaintiff Kimberly Kinser ("Kinser"). [DE 10]. Kinser responded [DE 11], and Defendants replied. [DE 12]. The Court, pursuant to Federal Rule of Civil Procedure 12(d), converted Defendants' motion to dismiss to a motion for summary judgment under Rule 56.[1] Kinser filed an "Opposition/Sur-Reply To Motion For Summary Judgment." [DE 15]. This matter is ripe. For the reasons below, Defendants' converted motion for summary judgment [DE 10] is **GRANTED**.

## I. BACKGROUND

Kinser is a "paralegal and[/or] legal assistant" over the age of 45 who was employed by Defendants "until August 29, 2025." [DE 7 at 37]. During her employment, an associate attorney of G&W "routinely commented that he wanted younger staff." [DE 15]. Prior to her termination, Kinser's husband passed away. [DE 7 at 37]. Kinser took time off, after which she was terminated. [*Id.* at 38]. Additionally, Kinser alleges that while she was employed, Defendants paid younger

[1] *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010) (holding that the district court properly converted the motion where the movant attached an affidavit by one of its executives).

employers more for the same work, "refused to recognize bereavement leave and other benefits . . . while providing the benefits to younger staff," and "terminated [her] employment because of her age, replaced her with a younger employee and wrongfully withheld her profit-sharing benefits." [*Id.* at 37].

Kinser asserts claims for Breach of Contract (Count I); Wrongful Termination/Age Discrimination (Count II); Negligence (Count III); and ERISA Discrimination (Count IV). [DE 7].

## II. STANDARD

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id.* at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must show a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. Pro. 56(c)(1)(A)–(B); *see also Shreve v. Franklin Cnty.*, 743

F.3d 126, 132 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Liberty Lobby*, 477 U.S. at 252.

## III. DISCUSSION

### A. Breach of Contract (Count I) And Negligence (Count III) claims

There is no dispute that at all relevant times Kinser was an "at-will" employee under Kentucky law. [DE 15 at 105]. Under Kentucky law, an at-will employee is not in a contractual relationship with his employer. *Nork v. Fetter Printing Co.*, 738 S.W.2d 824, 827 (Ky. App. 1987). Because a breach of contract claim requires proof of the existence of a contractual relationship, *Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. App. 2009), Kinser therefore fails to meet her burden on Count I of the Amended Complaint.

Additionally, an employer may ordinarily "discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983). Kentucky law, however, recognizes a "public policy exception" to the at-will employment bar. *Johnson v. Goodworks Unlimited, LLC*, No. 5:24-cv-00188-GFVT, 2025 WL 452595, at *2 (E.D. Ky. Feb. 10, 2025) (explaining exception to general rule that "the discharge of an at-will employee does not support an action for wrongful termination under Kentucky law").

Defendants assert that "[n]egligence is not a cause of action available under Kentucky law to an 'at-will' employee" because negligence is not one of the public policy exceptions to the at-will employment doctrine. [DE 10-1 at 55]. Other courts applying Kentucky law have dismissed tort claims brought by at-will employees on similar grounds. *See, e.g.*, *Pierce v. Commonwealth Life Ins. Co.*, 825 F. Supp. 783, 789 (E.D. Ky. 1993) (granting summary judgment on plaintiff's

claim of intentional infliction of emotional distress because "[plaintiff], as an at will employee, could have been legally discharged or demoted at any time, for any reason or for no reason at all"), *aff'd*, 40 F.3d 796 (6th Cir. 1994), *abrogated on other grounds*. In any event, Kinser failed to respond to Defendants' argument that Kentucky's at-will doctrine bars her negligence claim. Kinser's failure to respond to Defendants' arguments on her breach of contract claim and negligence claim is tantamount to conceding that summary judgment is appropriate. *See, e.g.*, *Campbell v. Hines*, 2013 WL 7899224, at *4 (6th Cir. Aug.8, 2013) ("The district court properly concluded that Campbell had abandoned his hostile work environment and retaliation claims. . . . In light of Campbell's failure to address the defendants' arguments in his response to the summary judgment motion, the district court properly declined to consider the merits of the claims); *Clark v. City of Dublin*, 178 F. App'x 522, 524–525 (6th Cir. 2006) (where plaintiff "did not properly respond to the arguments asserted against his ADEA and ADA claims," the "district court properly granted summary judgment because [plaintiff] failed to meet his Rule 56 burden").

Accordingly, Defendants' motion for summary judgment [DE 10] is **GRANTED** as to Counts I and III of the Amended Complaint.

**B. Wrongful Termination/Age Discrimination (Count II)**

Next, Defendants contend that Kinser's age discrimination claims fail because Defendants do not qualify as statutory "employers" under either the Kentucky Civil Rights Act (KCRA), Title VII, or the Age Discrimination in Employment Act (ADEA).[2]

---

[2] Kinser alleges age discrimination under Kentucky Revised Statute (KRS) § 344 *et seq*. and Title VII. However, as Defendants note, "[t]he language of [Title VII] does not include age or disability claims." *Clark v. City of Dublin, Ohio*,178 F. App'x 522, 524 (6th Cir. 2006). Nevertheless, the Court construes Kinser's Title VII claims as age discrimination claims under ADEA. [*See* DE 13 at 92 n.1]. *See also Bargo v. Goodwill Indus. of Kentucky, Inc.*, 969 F. Supp. 2d 819, 823 n.1 (E.D. Ky. 2013) ("The ADEA, however, does prohibit discrimination based on age. As such, Plaintiffs' age discrimination claims under Title VII will be construed as age discrimination claims under the ADEA.").

KRS § 344.030(2) provides that an "employer" is "a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year." Title VII and the ADEA require even more employees. To qualify as a statutory "employer" under the ADEA, a party must have "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). And Title VII only applies to employers with at least 15 employees. *See* 42 U.S.C. § 2000e-2(a)(1).

Here, Defendants submitted White's affidavit showing that, at all relevant times, Defendants employed fewer than 8 full-time employees. [*See* DE 10-1 at 54 (even when "combining all employees of the firms Gray & White, PLLC, Matthew L. White, P.S.C. and/or Mark K. Gray, P.S.C. they still did not have 8 employees working full-time within the Commonwealth of Kentucky during Kinser's employment")]. Indeed, the Court converted Defendants' motion to dismiss to a motion for summary judgment to give Kinser the opportunity to rebut Defendants' argument. [DE 13 at 93]. Kinser has not done so. Kinser's affidavit contains no evidence which would support a finding that Defendants qualify as statutory employers under the KCRA, ADEA, or Title VII.[3]

Instead, Kinser asserts that "[e]ven if Plaintiff's claims do not fall under the KCRA or Title VII due to the size of the employer at issue, her wrongful termination claim under Kentucky law survives." [DE 15 at 106]. Kinser concedes that the "terminable at will doctrine" bars her wrongful termination claim under Kentucky Law unless she can show that the public policy exception

[3] The Court instructed that, in the alternative, "Kinser may 'show[] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition" and propose additional limited discovery." [DE 13 at 93]. However, Kinser made no such argument and did not request additional "time to obtain affidavits or declarations or to take discovery." *See* Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant.").

applies. [*Id.* at 105]. The public policy exception is narrow, subject to the following limitations: (1) the discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law, (2) that policy must also be "evidenced by a constitutional or statutory provision," and (3) determination of whether the public policy asserted is a well-defined and fundamental one is an issue of law" to be decided by the Court. *Firestone*, 666 S.W.2d. at 731. Kinser argues that public policy exception applies in this case because "[u]nder Kentucky law, KRS 344.040(1) states that it is unlawful for an employer to 'fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual . . . because of the individual's . . . age.'" [DE 15 at 106].

This argument was considered and rejected by the Kentucky Supreme Court in *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985). In that case, the respondent argued that a sufficiently alleged claim of discrimination under KRS 344.040 triggered the public policy exception. *Gryzb*, 700 S.W.2d at 401. The Kentucky Supreme Court held that the alleged discrimination under KRS 344.040 could not support a wrongful termination claim "because the same statute that enunciate[d] the public policy prohibiting employment discrimination . . . also provide[d] the structure for pursuing a claim for discriminatory acts in contravention of its terms." Thus, "[t]he statute not only creates the public policy but preempts the field of its application." *Id.*

This same reasoning applies to Kinser's wrongful termination claim. Because KRS 344.040(1) both "provides the necessary underpinning for a wrongful discharge suit where there is sufficient evidence to prove [age] discrimination in employment practices [and] also structures the remedy," a common law wrongful termination claim based on an alleged violation of KRS 344.040(1) fails as a matter of law. *See also Lindsey v. Am. Sec. Ins. Co.*, No. CV 08-126-DLB, 2010 WL 11640212, at *3 (E.D. Ky. Mar. 29, 2010) (explaining "*Grzyb* foreclosed a common law

wrongful discharge claim where the statute that underpinned the public policy exception for the purported wrongful discharge claim, K.R.S. § 344.040, has its own remedial scheme"); *Watts v. Lyon Cnty. Ambulance Serv.*, 23 F. Supp. 3d 792, 813 (W.D. Ky. 2014) ("To the extent the basis for this claim [wrongful discharge in violation of public policy] is the same as that for his Title VII and KCRA claims, it is preempted and subsumed by those more specific laws.").

Accordingly, no public policy exception applies and Kinser's claims for wrongful termination/age discrimination fail. Defendants' motion for summary judgment [DE 10] is **GRANTED** as to Count II of the Amended Complaint.

**C. ERISA Discrimination (Count IV)**

Lastly, Defendants argue they are entitled to summary judgment on Kinser's claims under Section 510 of the Employee Retirement Income Security Act (ERISA).

ERISA supports two types of discrimination claims: "(1) an 'exercise' or 'retaliation' claim . . . . where 'adverse action is taken because a participant availed [him]self of an ERISA right'; and (2) an 'interference' claim where adverse action is taken as 'interference with the attainment of a right under ERISA.'" *Hamilton v. Starcom Mediavest Grp., Inc.*, 522 F.3d 623, 627–28 (6th Cir. 2008) (internal citations omitted); 29 U.S.C. § 1140.

Because Kinser offers no direct evidence of discrimination to support her ERISA clams, she must prove her case through the *McDonnell Douglas* burden shifting framework that applies to circumstantial evidence at the summary judgment stage. "In the ERISA context, the burden-shifting framework first requires the plaintiffs to establish their 'prima facie' case" of retaliation or intereference. *Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 613 (6th Cir. 2009) (citation modified). "'[P]rima facie' is *Burdine/McDonnell Douglas* patois for the fact that the plaintiffs have shown enough to create a rebuttable presumption such that the employer must then produce

evidence supporting a legitimate, non-discriminatory reason for the discharge." *Id.* at 613–14. Once an employer makes this showing, "the burden shifts back to the plaintiff to show that this proffered reason was a 'pretext'—i.e. a phony reason—and instead that the intent to interfere with the plaintiff's ERISA rights was a 'motivating factor.'" *Id.* at 614.

With respect to Kinser's retaliation claim, the Court need not determine whether Kinser meets her burden of production on her prima facie case; Defendants have produced evidence supporting a legitimate, non-discriminatory reason for the discharge, which Kinser fails to rebut. According to Defendants, Kinser was terminated because she failed to report to work and remain on-site when requested, was caught sleeping on the job, overstated her alleged hours worked, and failed to perform basic requested tasks. [DE 10-1 at 61]. Thus, even assuming Kinser could make a prima facie showing that Defendants terminated her in retaliation for her taking bereavement leave and that such leave was protected by ERISA (which Defendants deny), the burden shifts back to Kinser to demonstrate that Defendants' proffered reasons for her termination were pretextual. *Crawford*, 560 F.3d at 614. Yet, in response to the motion for summary judgment, Kinser's affidavit states only: "Defendants retaliated against me for taking available time off when my husband died." [DE 15-1 at 111]. Kinser does not dispute any of the allegations regarding her deficient performance or, indeed, that she was even entitled to bereavement leave to begin with. Even when viewed in the light most favorable to Kinser, her affidavit is insufficient to overcome Defendants' properly supported motion for summary judgment. *See Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69–70 (6th Cir. 1982) (holding that to defeat an otherwise supported motion for summary judgment, affidavits must contain more than conclusory allegations).

Kinser's affidavit is likewise insufficient with respect to her interference claim. Relevant here, Defendants' affidavit shows that the only employment benefit to which Kinser was entitled

was a "profit-sharing plan that all employees received." [DE 10-2 at 61]. When Kinser was terminated, "she chose to cash out the profit-sharing plan" and "received her check on or about October 23, 2025." [*Id.*]. The affidavit explains that although there was no official "bereavement policy" Kinser was allowed to take "days and weeks off at a time" after her husband passed. [*Id.*].

In response, Kinser offers only the following conclusory assertions: (1) "Defendants refused to recognize bereavement leave and other benefits for me"; and (2) "Defendants . . . wrongfully withheld my profit-sharing benefits. . . ." [DE 15-1 at 111]. Kinser does not actually demonstrate that she was entitled to any benefits other than the profit-sharing plan nor does she contest that she chose to cash out the profit-sharing plan. As a result, Kinser cannot show that Defendants engaged in "prohibited employer conduct" under ERISA and she therefore fails to establish the first element of a prima facie case for an ERISA interference claim. *Crawford*, 560 F.3d at 613. *Cf. Reminder v. Roadway Express, Inc.,* No. 5:04-CV-02581, 2005 WL 2860983, at *16 (N.D. Ohio Nov. 1, 2005) (granting summary judgment where the defendant offered plaintiffs "the full benefits they were entitled to receive under the severance policy" and plaintiffs were not "denied benefits in violation of ERISA"), *aff'd sub nom. Reminder v. Roadway Exp., Inc.*, 215 F. App'x 481 (6th Cir. 2007). Summary judgment is **GRANTED** as to Count IV of the Amended Complaint.

## IV. CONCLUSION

For the reasons above, and the Court being otherwise sufficiently advised, Defendants' motion for summary judgment [DE 10] is **GRANTED**. An appropriate judgment shall issue.

September 24, 2026

Rebecca Grady Jennings, District Judge
United States District Court